## Wall's Appeal.

*Compensation for Board, &c., allowed on an implied Contract.*

Compensation will be allowed to an accountant for the board of his testator, where the relationship between them was not such as to raise a presumption that it was furnished gratuitously, and there was no evidence that it was supplied in expectation of a legacy, although no proof was made of an express agreement by the testator to pay for boarding and attendance.

Appeal from the Orphans' Court of *Philadelphia.*

This was an appeal from the decree of the Orphans' Court on the report of the auditor on the account of Nicholas Wall, executor, &c., of Henry A. Farrell, deceased.

In his account, the executor charged himself with $1174, the amount of rents received for the three years immediately preceding testator's death, and certain other rents since his death, out of the undivided half of real estate held by the accountant and decedent in common, as also with a sum of money in bank, to the credit of decedent, making together $3401; and he claimed credit *inter alia* for $1102, for cash loaned to decedent during the last three years of his life; for $1436.39 for the washing, board, and lodging of decedent during the same time.

The testimony in reference to this claim, showed that the testator on the 30th December 1853, commenced boarding with the accountant, where he remained until his death, which took place on the 23d December 1856; that he was a man of very irregular and intemperate habits, during the greater portion of the time he remained with the accountant. In the early part of the first year, his habits were less irregular, but for the remainder of that period, he abandoned himself to habits of idleness and gross intemperance, resulting in *mania-à-potu*, and finally terminating in death.

Many unpleasant duties were thus rendered necessary, and were discharged by the latter toward the former, frequently of the most disagreeable and menial description. About two months prior to the testator's death, he was obliged to remain in his bed,

and so continued up to the time of his death. During this last illness, he required the constant attention of the accountant and his family, at night as well as day time. It was also in evidence that the washing, sewing, and mending for the testator, were done by the accountant's family during the three years he remained with him. In all the above particulars the testimony was quite conclusive. The contestant produced no testimony of a contradictory character. There was no evidence that a fixed sum was ever agreed upon between the parties; nor did it appear that any payment had ever been made by the testator to the accountant, for any definite period, so as to furnish a standard by which to regulate the compensation. The accountant rested his case upon the testimony of certain witnesses acquainted with the facts necessary to sustain his claim. The testimony as to the value of the board and services, was various. Ten, ten to fifteen, eight to twelve dollars, were testified to as being a fair weekly allowance for the board and services rendered. Dr. Hahn, who attended the testator during his last illness (from six to eight weeks), testified that from three dollars to five dollars per day, would be a fair compensation during such last illness, and that from six to seven dollars per week for the time prior thereto.

The auditor rejected the credit for cash loaned, but allowed the credit for board, &c., awarding that there was due the accountant a balance of $2854.42.

The Philadelphia Theological Seminary of St. Charles Borromeo, devisees under the will, excepted to the auditor's allowance for board, &c., and the court below struck it out.

Mr. Wall thereupon appealed to this court, assigning the decree of the court below for error.

*J. F. Johnston*, for appellant.

*G. W. Biddle*, for appellee.

The opinion of the court was delivered, March 14th 1861, by

STRONG, J.—That at the death of the testator there was due from him to the accountant the sum of $1175 for boarding, is a fact found by the auditor, and for that sum with interest thereon, (in all $1436.30), credit was allowed by him to the accountant. The Orphans' Court disallowed the credit, and hence this appeal.

After a careful review of the report of the auditor, we have come to the conclusion that the credit should not have been denied. The relationship between the accountant and the testator was not such as to raise a presumption that the boarding was furnished gratuitously, and there is no evidence that it was supplied merely in expectation of a legacy. The testator was a disagreeable inmate of the accountant's family—such an inmate

2 WR.—30

[Wall's Appeal.]

as no one would desire to have; and he was abundantly able to pay his own expenses. There was indeed no proof of an express agreement to pay for boarding and attendance; at the same time there is not enough to negative the evidence of an implied under-standing that compensation was to be made. The condition and habits of the testator satisfactorily explain the absence of any attempt by the accountant to effect a settlement, and no intend-ment against his claim ought, on that account, to be made. Upon the whole we agree with the auditor that Farrell's estate is to be regarded as a debtor for the boarding and supplies furnished him.

Nor is there any reason for concluding that the debt was paid out of the rents received by the accountant. That Wall did receive the rents of the testator's property for three years, from 1854 to 1857, is true. With $1174.64, part of them, he is charged in the account. The total amount of rents for those years we do not know precisely, but if we may be guided by the rents of the three next following years, they could not exceed $1887.50, from which, if the average expenses for taxes and repairs be deducted, the net balance would be about $1450. Now as $1174.64 of this sum are brought into the account, it is obvious that the claim for boarding was not paid out of the rents. Besides there was proof that the accountant had advanced con-siderable money to the testator, more than enough to exhaust the rents in his hands, with which he was not charged. He claimed these advances as money loaned, but the auditor rejected the claims, giving as one reason the presumption that the money was advanced out of the rents collected.

The decree of the Orphans' Court is reversed, at the costs of the appellee, and the report of the auditor is confirmed.